IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDDIE WALTER MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:15-CV-589-WKW |
| ) | [WO] |
| RANDOLPH COUNTY MEDICAL ) | |
| DEPT., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, who was an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama when he filed this 42 U.S.C. § 1983 complaint, challenges the adequacy of medical care and treatment he received for a back injury he sustained in October 2014 while he was incarcerated at the Randolph County Jail in Wedowee, Alabama.[1]  On August 20, 2015, the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendants submitted answers and written reports.  In these documents, Defendants argue this case is due to be dismissed because, prior to filing this cause of action, Plaintiff failed to properly exhaust an administrative remedy available to him at the Randolph County Jail regarding the claims in the complaint. Doc. 15 at 16-22; Doc. 20 at 8-10. Defendants' reports also contain relevant evidentiary materials refuting Plaintiff's allegations.

Upon review of the pleading and documents filed by Defendants, the court issued an order directing Plaintiff to file a response. Doc. 21.  The order advised Plaintiff that his failure to respond to the written reports would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." Doc 21 at 2.  The order

---

[1] During the pendency of this action, Plaintiff was released from custody.

"specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. Doc. 21 at 2.

The time allotted Plaintiff for filing a response in compliance with the directives of the court's December 14, 2015 order expired on January 4, 2016. As of the present date, Plaintiff has failed to file a response in opposition to Defendants' written reports. The court, therefore, concludes this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. After such review, the court determines that dismissal is the proper course of action. Plaintiff's inaction in the face of Defendants' written reports and evidentiary materials demonstrating Plaintiff's failure to exhaust administrative remedies prior to filing this action—as well as refuting his claims—suggests he does not seek to proceed with this case. It, therefore, appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice.

It is further ORDERED that **on or before February 19, 2016**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the factual

findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 5th day of February, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE